1  Robert L. Hyde, Esq. (SBN: 227183)
   bob@westcoastlitigation.com
2  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
3  **Hyde & Swigart**
   411 Camino Del Rio South, Suite 301
4  San Diego, CA 92108-3551
   Telephone: (619) 233-7770
5  Facsimile: (619) 297-1022

6  Attorneys for Plaintiffs
   Kim and William Davis
7

8

9
                 UNITED STATES DISTRICT COURT
10
                 EASTERN DISTRICT OF CALIFORNIA
11

12  KIM AND WILLIAM DAVIS,          Case No.: _____

13                   PLAINTIFF,
                                    COMPLAINT FOR DAMAGES
14  v.
                                    JURY TRIAL DEMANDED
15  SUNRISE ASSESSMENT SERVICES,

16                   DEFENDANT.

17                          INTRODUCTION

18  1.  The United States Congress has found abundant evidence of the use of

19      abusive, deceptive, and unfair debt collection practices by many debt

20      collectors, and has determined that abusive debt collection practices contribute

21      to the number of personal bankruptcies, to marital instability, to the loss of

22      jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt

23      Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate

24      abusive debt collection practices by debt collectors, to insure that those debt

25      collectors who refrain from using abusive debt collection practices are not

26      competitively disadvantaged, and to promote consistent State action to protect

27      consumers against debt collection abuses.[1]

28
   ────────────────────
   [1] 15 U.S.C. §§ 1692(a)-(e)
   **COMPLAINT FOR DAMAGES**            **PAGE 1 OF 11**

2.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3.   KIM AND WILLIAM DAVIS, ("Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the actions of SUNRISE ASSESSMENT SERVICES, ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

4.   Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named.

### JURISDICTION AND VENUE

5.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6.   This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7.   Because Defendant does business within the State of California, personal jurisdiction is established.

_____

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

COMPLAINT FOR DAMAGES                    PAGE 2 OF 11

1    8.   Venue is proper pursuant to 28 U.S.C. § 1391.

2                              **PARTIES**

3    9.   Plaintiffs are natural persons who reside in the City of Santa Maria, County of

4        Santa Barbara, and State of California and is obligated or allegedly obligated

5        to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. §

6        1692a(3).

7    10.   Plaintiffs are natural persons from whom a debt collector sought to collect a

8        consumer debt that was due and owing or alleged to be due and owing from

9        Plaintiff, and are "debtors" as that term is defined by California Civil Code §

10       1788.2(h).

11    11.   Plaintiffs are informed and believe, and thereon allege, that Defendant is a

12       company operating from the City of Fair Oaks, County of Sacramento, and

13       State of California.

14    12.   Plaintiffs are informed and believe, and thereon allege, that Defendant is a

15       person who uses an instrumentality of interstate commerce or the mails in a

16       business the principal purpose of which is the collection of debts, or who

17       regularly collects or attempts to collect, directly or indirectly, debts owed or

18       due or asserted to be owed or due another and is therefore a "debt collector" as

19       that term is defined by 15 U.S.C. § 1692a(6).

20    13.   Plaintiffs are informed and believe, and thereon allege, that Defendant, in the

21       ordinary course of business, regularly, on behalf of himself or herself or

22       others, engages in debt collection as that term is defined by California Civil

23       Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by

24       California Civil Code § 1788.2(c).

25    14.   This case involves money, property or their equivalent, due or owing or

26       alleged to be due or owing from a natural person by reason of a consumer

27       credit transaction. As such, this action arises out of a "consumer debt" and

28       "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

1

### FACTUAL ALLEGATIONS

2   15. At all times relevant, Plaintiffs were individuals residing within the State of
3        California.

4   16. Plaintiffs are informed and believe, and thereon allege, that at all times
5        relevant Defendant conducted business in the State of California.

6   17. Sometime before October 24, 2006, Plaintiffs allegedly incurred financial
7        obligations to Cottages on the Green Homeowners Association that were
8        money, property, or their equivalent, which is due or owing, or alleged to be
9        due or owing, from a natural person to another person and were therefore
10       "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a
11       "consumer debt" as that term is defined by California Civil Code §1788.2(f).

12  18. These financial obligations were primarily for personal, family or household
13       purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.
14       §1692a(5).

15  19. Sometime thereafter, but before October 24, 2006, Plaintiffs allegedly fell
16       behind in the payments allegedly owed on the alleged debt.  Plaintiffs take no
17       position to whether or not this debt is actually owed.

18  20. Plaintiffs are informed and believe, and thereon alleges, that subsequently, but
19       before October 24, 2006, the alleged debt was assigned, placed, or otherwise
20       transferred, to Defendant for collection.

21  21. On or about October 24, 2006, Defendant sent a dunning letter addressed to
22       Plaintiffs' home and in the name of Defendant.  Plaintiff received this letter on
23       or about October 27, 2006.

24  22. This letter to Plaintiffs, sent by Defendant, was a "communication" as that
25       term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is
26       defined by Cal. Civ. Code 1788.2(b), and an "initial communication"
27       consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

28    //

1   23. Defendant, a third party, and a debt collector as defined pursuant to Cal. Civ.
2        Code § 1788.2(c), failed, in the manner prescribed by Cal. Civ. Code
3        § 1812.700(b) or Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff
4        as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal.
5        Civ. Code § 1812.702, this omission by Defendant violated the RFDCPA, Cal.
6        Civ. Code 1788 et seq.

7   24. In this October 24, 2006 letter, Defendant stated that if Plaintiffs attempted to
8        make a partial payment on this alleged debt, Defendant would charge
9        Plaintiffs a fee of $25.00.

10  25. This statement represented the threat to take an action that cannot legally be
11       taken or that Defendant did not intend to take, and violated 15 U.S.C. §§
12       1692e(5) and 1692e(10). Because this action violated 15 U.S.C. §§ 1692e(5)
13       and 1692d(10), it also violated Cal. Civ. Code 1788.17.

14  26. This statement also represents the false, deceptive, or misleading
15       representation of the character, amount, or legal status of the alleged debt. As
16       such, Defendant violated 15 U.S.C. § 1692e(2)(A). Because Defendant
17       violated 15 U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code §
18       1788.17.

19  27. This statement also represents an unfair or unconscionable means used in
20       connection with the collection of the alleged debt because the amount stated is
21       not expressly authorized by the agreement creating the debt.   As such,
22       Defendant violated 15 U.S.C. §§1692f and 1692f(1).   Because Defendant
23       violated 15 U.S.C. §§1692f and 1692f(1), Defendant also violated Cal. Civ.
24       Code § 1788.17.

25  28. This statement also constitutes the false representation that the alleged debt
26       may be increased by charges of fees that may not legally be added to the
27       existing obligation. As such, Defendant violated Cal. Civ. Code § 1788.13(e).
28       //

1   29.  This initial communication to Plaintiff by Defendant included a written notice,

2        the language of which overshadowed, weakened, and failed to comply with

3        the notice required by 15 U.S.C. § 1692g(a)(3) because it attempted to limit

4        the rights available to Plaintiffs in a manner that creates a contradiction that

5        would confuse the least sophisticated consumer into disregarding his or her

6        rights pursuant to the validation notice required in 15 U.S.C. § 1692g by

7        stating, "To stop the collection process and avoid further charges to your

8        account, please send payment in full, as shown on the attached itemized

9        statement, no later than 11/24/2006."

10  30.  Attached to this letter, Defendant included an "Assessment Lien Itemized

11       Statement" (statement).  In this statement, Defendant claimed as one of its

12       "expenses" a "Management Fee" of $300.00.

13  31.  Demanding this amount represents the false, deceptive, or misleading

14       representation of the character, amount, or legal status of the alleged debt. As

15       such, Defendant violated 15 U.S.C. § 1692e(2)(A).  Because Defendant

16       violated 15 U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code §

17       1788.17.

18  32.  Demanding this amount also represents an unfair or unconscionable means

19       used in connection with the collection of the alleged debt because the amount

20       stated is not expressly authorized by the agreement creating the debt.  As

21       such, Defendant violated 15 U.S.C. §§1692f and 1692f(1).  Because

22       Defendant violated 15 U.S.C. §§1692f and 1692f(1), Defendant also violated

23       Cal. Civ. Code § 1788.17.

24  33.  This statement also constitutes the false representation that the alleged debt

25       may be increased by charges of fees that may not legally be added to the

26       existing obligation. As such, Defendant violated Cal. Civ. Code § 1788.13(e).

27  34.  In this same statement, Defendant further claimed as one of its "expenses" a

28       "Pre-lien Fee" of $200.00.

35.  Demanding this amount represents the false, deceptive, or misleading representation of the character, amount, or legal status of the alleged debt. As such, Defendant violated 15 U.S.C. § 1692e(2)(A).  Because Defendant violated 15 U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code § 1788.17.

36.  Demanding this amount also represents an unfair or unconscionable means used in connection with the collection of the alleged debt because the amount stated is not expressly authorized by the agreement creating the debt.  As such, Defendant violated 15 U.S.C. §§1692f and 1692f(1).   Because Defendant violated 15 U.S.C. §§1692f and 1692f(1), Defendant also violated Cal. Civ. Code § 1788.17.

37.  This statement also constitutes the false representation that the alleged debt may be increased by charges of fees that may not legally be added to the existing obligation. As such, Defendant violated Cal. Civ. Code § 1788.13(e).

38.  In this same statement, Defendant further claimed as one of its "expenses" a "Vesting Documents" fee of $35.00.

39.  Demanding this amount represents the false, deceptive, or misleading representation of the character, amount, or legal status of the alleged debt. As such, Defendant violated 15 U.S.C. § 1692e(2)(A).  Because Defendant violated 15 U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code § 1788.17.

40.  Demanding this amount also represents an unfair or unconscionable means used in connection with the collection of the alleged debt because the amount stated is not expressly authorized by the agreement creating the debt.  As such, Defendant violated 15 U.S.C. §§1692f and 1692f(1).   Because Defendant violated 15 U.S.C. §§1692f and 1692f(1), Defendant also violated Cal. Civ. Code § 1788.17.

//

41. This statement also constitutes the false representation that the alleged debt may be increased by charges of fees that may not legally be added to the existing obligation. As such, Defendant violated Cal. Civ. Code § 1788.13(e).

42. In this same statement, Defendant further claimed as one of its "expenses" an "Prelien Mailing - Certified" of $18.00.

43. Demanding this fee represents the false, deceptive, or misleading representation of the character, amount, or legal status of the alleged debt. As such, Defendant violated 15 U.S.C. § 1692e(2)(A). Because Defendant violated 15 U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code § 1788.17.

44. Demanding this fee also represents an unfair or unconscionable means used in connection with the collection of the alleged debt because the amount stated is not expressly authorized by the agreement creating the debt. As such, Defendant violated 15 U.S.C. §§1692f and 1692f(1). Because Defendant violated 15 U.S.C. §§1692f and 1692f(1), Defendant also violated Cal. Civ. Code § 1788.17.

45. This statement also constitutes the false representation that the alleged debt may be increased by charges of fees that may not legally be added to the existing obligation. As such, Defendant violated Cal. Civ. Code § 1788.13(e).

46. In this same statement, Defendant further claimed as one of its "expenses" an "Prelien Mailing – Regular" of $6.00.

47. Demanding this fee represents the false, deceptive, or misleading representation of the character, amount, or legal status of the alleged debt. As such, Defendant violated 15 U.S.C. § 1692e(2)(A). Because Defendant violated 15 U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code § 1788.17.

//

//

1  48. Demanding this fee also represents an unfair or unconscionable means used in
2      connection with the collection of the alleged debt because the amount stated is
3      not expressly authorized by the agreement creating the debt. As such,
4      Defendant violated 15 U.S.C. §§1692f and 1692f(1). Because Defendant
5      violated 15 U.S.C. §§1692f and 1692f(1), Defendant also violated Cal. Civ.
6      Code § 1788.17.

7  49. This statement also constitutes the false representation that the alleged debt
8      may be increased by charges of fees that may not legally be added to the
9      existing obligation. As such, Defendant violated Cal. Civ. Code § 1788.13(e).

10              **CAUSES OF ACTION CLAIMED BY PLAINTIFF**

11                          **COUNT I**

12      **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

13                  **15 U.S.C. § 1692 ET SEQ.**

14 50. Plaintiff incorporates by reference all of the above paragraphs of this
15      Complaint as though fully stated herein.

16 51. The foregoing acts and omissions constitute numerous and multiple violations
17      of the FDCPA, including but not limited to each and every one of the above-
18      cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19 52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to
20      any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in
21      an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
22      reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
23      each Defendant.

24                          **COUNT II**

25   **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

26              **Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

27 53. Plaintiff incorporates by reference all of the above paragraphs of this
28      Complaint as though fully stated herein.

1   54. The foregoing acts and omissions constitute numerous and multiple violations
2        of the RFDCPA.

3   55. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to
4        any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory
5        damages for a knowing or willful violation in the amount up to $1,000.00
6        pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and
7        costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

8                            PRAYER FOR RELIEF

9   WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

10                  FAIR DEBT COLLECTION PRACTICES ACT

11       • an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an
12         amount to be adduced at trial, from Defendant;

13       • an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §
14         1692k(a)(2)(A);

15       • an award of costs of litigation and reasonable attorney's fees, pursuant to
16         15 U.S.C. § 1692k(a)(3).

17              ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18       • an award of actual damages pursuant to California Civil Code §
19         1788.30(a) in an amount to be adduced at trial, from Defendant;

20       • an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code
21         § 1788.30(b);

22       • an award of costs of litigation and reasonable attorney's fees, pursuant to
23         Cal. Civ. Code § 1788.30(c).

24       //
25       //
26       //
27       //
28       //

1

## TRIAL BY JURY

2   56.   Pursuant to the seventh amendment to the Constitution of the United States of

3          America, Plaintiff is entitled to, and demands, a trial by jury.

4

5   Dated: May 21, 2007                          Respectfully submitted,
                                                  HYDE & SWIGART
6

7
                                                  By:/s/ Robert L. Hyde
8                                                 Robert L. Hyde, Esq.
                                                  Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Eastern | District of | California |
|---|---|---|

Kim and William Davis

### SUMMONS IN A CIVIL ACTION

V.
Sunrise Assessment Services

CASE NUMBER:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Robert L. Hyde
> Hyde & Swigart
> 411 Camino Del Rio South, Suite 301
> San Diego, CA  92108

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK